UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Springfield

DONALD P. MULLER,

    PLAINTIFF,

VS.

POLICE OFFICER JOSE TORRES
POLICE OFFICER O'BRIEN
POLICE OFFICER COACH
DET. POLICE OFFICER McCABE
POLICE OFFICER SAMATARO
OF THE WESTFIELD POLICE DEPARTMENT
    DEFENDANT'S

CIVIL ACTION
NO.

COMPLAINT;

DECLARATORY AND
INJUNCTIVE RELIEF;

TITLE 42 U.S.C.S.
§§1983,1985(3) 1986;

1.

INTRODUCTION CONTINUED

## COMMONWEALTH OF MASSACHUSETTS

DONALD P. MULLER
V.   PLAINTIFF

COMMONWEALTH OF MASSACHUSETTS AND
WESTFIELD POLICE DEPARTMENT
                  DEFENDANTS

CIVIL ACTION NO.
97-10547-WGY

DOCKETED

May 6, 1997,

*Having reviewed the document submitted to show cause why this case ought not be dismissed, this court rules it inadequate as it fails entirely to deal with the statute of limitations issue. Case dismissed.*

*William G. Young*
*District Judge*

### ANSWER

The primary basis of my complaint is as you will read (complaint ¶60.) Plaintiff has shown-thru listing true facts as happened that Defendants acted intentionally to maim and assault Plaintiff, putting same in fear of his life, Plaintiff suffering irretrievable psychological damage. Defendants showed an abuse of official power, causing Plaintiff to suffer mental anguish, psychological injury, loss of sleep and fright and nightmares from this traumatic experience causing Plaintiff to be placed under mental care and medication. Also (complaint ¶29.) As was shown in court, as to the chain of events on 11-27-92 this before a Judge and jury, the true facts of the matter were that the Westfield Police on the scene of this disturbance call caused Plaintiff to be injured.

(8)

1

**INTRODUCTION CONTINUED**

Numbers ¶40., 41., 42., are presumed to be true in the absence of proof to the contrary. Although do to the Plaintiff being incarcerated since 11-16-73 and further being traumatized by prison officials, due to the nature of his crime, and not being able to secure any type of effective assistance of counsel, and due to the Plaintiffs mental disposition having a history of psychiatric illness, chronic alcoholism, depressive illness, antisocial personality disorder, and also panic attacks, that Plaintiff asks that any statutes of limitations that may interupt relief be waived due to the fact that these facts were not brought to this court in a frivolous or malicious way. Plaintiff moves to delete (complaint ¶59.) from action to avoid argument. Plaintiff also tryed to obtain the transcripts from the court which were done on cassette tapes and was informed that they were destroyed after 2½ years. (see enclosed copy). Plaintiff believes he has showed sufficient evidence for argument and prays for relief through this honorable court.

DATED: 4-27-97

Respectively submitted,

Donald P. Muller
<u>PRO SE</u>

2



## Commonwealth of Massachusetts

CLERK / MAGISTRATE
CAROL K. CASARTELLO

FIRST ASSISTANT CLERK / MAGISTRATE
W. BRENT FERRITER

TEL. 568-8946
FAX 568-4863

DISTRICT COURT DEPARTMENT OF THE TRIAL COURT
WESTFIELD DIVISION
27 WASHINGTON STREET
WESTFIELD, MASSACHUSETTS 01085

PHILIP A. CONTANT, FIRST JUSTICE
PETER J. RUTHERFORD, ASSOCIATE JUSTICE

PROBATION OFFICERS
JOSEPH R. ABERDALE, CHIEF
STEVEN J. ROBERTS
PAULA A. BAGIAN
JANE M. PENDERGAST
LORNA S. BURT

TEL. 568-6451
FAX 562-0641

January 22, 1997

Donald P. Muller
N.C.C.I.
W-55426
P.O. Box 466
Gardner, MA   01440

Re: 9244CR-1978
Date of Trial   05/21/93

Dear Mr. Muller:

   Please be advised that tapes in criminal cases are destroyed after 2½ years of the trial date.

   Therefore we cannot comply with your request.

Sincerely,

W. Brent Ferriter, Clerk/Magistrate

§ 12   LIMITATIONS OF ACTIONS   C. 260

2. What constitutes fraudulent concealment

Under Massachusetts law, mere silence can mount to fraudulent concealment of cause of action on part of person who, because of fiduciary position, has duty to disclose. Jamesbury Corp. v Worcester Valve Co. (1971, CA1 Mass) 443 F2d 205, 170 USPQ 177.

Fraud referred to in this section must be actually accomplished by positive acts done with intention to deceive. Maloney v Brackett (1931) 275 Mass 479, 176 NE 604; Connelly v Bartlett (1934) 286 Mass 311, 190 NE 799.

§ 12.   Extension of Time in Case of Fraudulent Concealment.

If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

History—
RS 120, § 12; GS 155, § 12; PS 197, § 14; RL 202, § 11.

EXHIBIT 8

## WESTFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER
**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61
**Social Security Number:** 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
**Resident Phone:** 732-3069 SHELTER PHONE
**Business Phone:**

**Name(s) Against whom complaints are made:** JOSE TORRES
**Badge Number:** 25

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 officer Jose Torres & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 § 15. Officer Jose Torres also falsely charged me with assault against my wife, filed false reports (Application for Complaint, Arrest Custody Report, Police Officers Incident Report). Officer Torres & others also inveigled Noble Hospital staff to falsify emergency room records of admission. Westfield officers tried to prosecute me on these false charges in Holyoke Court.

**Witness:** _____ **Address:** _____

**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller **Witness signature:** _____ **DATE** 8-10-04

**Date:** _____ **Received by:** _____
**Date received:** _____
**File Number:** _____

## WESTFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER
**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61
**Social Security Number:** 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
**Resident Phone:** 732-3069 SHELTER PHONE
**Business Phone:**

**Name(s) Against whom complaints are made:** OFFICER O BRIEN
**Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer O Brien & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 §15.

Westfield Police Officers tried to prosecute me on false charges of assault against my wife in Holyoke Court.

**Witness:**
**Address:**
**Social Security number:**
**Home Phone:**
**Work Phone:**

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller
**Witness signature:**
**DATE** 8-10-04

**Date:**
**Received by:**
**Date received:**
**File Number:**

INTRODUCTION, CONTINUED

## WESTFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER  
**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61  
**Social Security Number:** 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  
**Resident Phone:** 732-3069 SHELTER PHONE  
**Business Phone:**

**Name(s) Against whom complaints are made:** DETECTIVE OFFICER McCABE  
**Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer McCabe & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 § 15.

Westfield Police Officers tried to prosecute me on false charges of assault against my wife in Holyoke Court.

**Witness:** _____ **Address:** _____

**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller **Witness signature:** _____ **DATE** 8-10-04

**Date:** _____ **Received by:** _____  
**Date received:** _____  
**File Number:** _____

## WESTFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER

**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61

**Social Security Number:** 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

**Resident Phone:** 732-3069 SHELTER PHONE

**Business Phone:**

**Name(s) Against whom complaints are made:** OFFICER COACH

**Badge Number:**

**Description of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer Coach & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 § 15.

Westfield Police officers tried to prosecute me on false charges against my wife.

**Witness:** 

**Address:**

**Social Security number:** **Home Phone:** **Work Phone:**

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller  **Witness signature:** **DATE** 8-10-04

**Date:** **Received by:** **Date received:** **File Number:**

## WESTFIELD POLICE DEPARTMENT
### CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER
**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105
**Date of Birth:** 6-10-61
**Social Security Number:** 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
**Resident Phone:** 732-3069 SHELTER PHONE
**Business Phone:**

**Name(s) Against whom complaints are made:** OFFICER SAMATARO
**Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer Samataro was the dispatcher of this incident in a conspiracy of the violation of M.G.L. 265 § 15 against the complainant.

Officer Samataro was aware of the complainant with a knife with the butt end against the door and sharp end against his chest and chose to dispatch Officers McCabe and Coach to the apartment with a battering ram.

**Witness:** _____ **Address:** _____
**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller **Witness signature:** _____ **DATE** 8-10-04
**Date:** _____ **Received by:** _____
**Date received:** _____
**File Number:** _____

JURISDICTION

Jurisdiction of this Honorable Court is invoked pursuant to Title 42 U.S.C.S., §1983, 1985(3). Title 28 U.S.C.S. §§1343, 1651, 2201, 2202.

1(a).

## PARTIES

1. Donald P. MULLER, 769 WORTHINGTON STREET, SPRINGFIELD MASS. 01105 the Plaintiff who stands the victim of police brutality and their attempts to maim and murder him and then falsely arrested, falsely charged and falsely imprisoned from acts perpetrated by each defendant named hereinafter and persons acting in a chain-conspiracy to violations of ESTABLISHED Federal Laws and at all times complained of, defendants violated Plaintiff's Federal Constitutional Rights.

2. Police officer Jose Torres, Police officer O'Brien, Police officer Coach, Detective Police officer McCabe and Police officer Samataro, of the Westfield Police Department., 15 Washington Street, Westfield, Mass. 01085, are Defendants, at all times complained of in this civil action, who performed their professional skills in joint-conspiracy with all other defendants in the conspiracy to violate Plaintiffs federal constitutional rights.

JURISDICTION (Cont.)

# THE CODE OF THE LAWS

## OF THE

# UNITED STATES OF AMERICA

## TITLE 42 — THE PUBLIC HEALTH AND WELFARE

### CHAPTER 21. CIVIL RIGHTS

PARTICULAR PROCEEDINGS

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R. S. § 1979; Dec. 29, 1979, P. L. 96-170, § 1, 93 Stat. 1284.)

JURISDICTION (Cont.)

# TITLE 42 — THE PUBLIC HEALTH AND WELFARE

CIVIL RIGHTS

### § 1985. Conspiracy to interfere with civil rights

(3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

(R. S. § 1980.)

3.

## JURISDICTION(Cont.)

DISTRICT COURTS JURIS.

28 USCS § 1343

**§ 1343. Civil rights and elective franchise**

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42 [42 USCS § 1985];

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section—
(1) the District of Columbia shall be considered to be a State; and
(2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(June 25, 1948, ch 646, § 1, 62 Stat. 932; Sept. 3, 1954, ch 1263, § 42, 68 Stat. 1241; Sept. 9, 1957, P. L. 85-315, Part III, § 121, 71 Stat. 637; Dec. 29, 1979, P. L. 96-170, § 2, 93 Stat. 1284.)

4.

JURISDICTION(Cont.)

PARTICULAR PROCEEDINGS     28 USCS § 2201

2202. Further relief

### § 2201. Creation of remedy

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, [26 USCS § 7428] a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of Canadian merchandise, as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act [21 USCS §§ 355 or 360b].

(June 25, 1948, ch 646, § 1, 62 Stat. 964; May 24, 1949, ch 139, § 111, 63 Stat. 105; Aug. 28, 1954, ch 1033, 68 Stat. 890; July 7, 1958, P. L. 85-508, § 12(p), 72 Stat. 349; Oct. 4, 1976, P. L. 94-455, Title XIII, § 1306(b)(8), 90 Stat. 1719; Nov. 6, 1978, P. L. 95-598, Title II, § 249, 92 Stat. 2672; Sept. 24, 1984, P. L. 98-417, Title I, § 106, 98 Stat. 1597; Sept. 28, 1988, P. L. 100-449, Title IV, § 402(c), 102 Stat. 1884; Nov. 16, 1988, P. L. 100-670, Title I, § 107(b), 102 Stat. 3984.)

### § 2202. Further relief     28 USCS § 2202

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.
(June 25, 1948, ch 646, § 1, 62 Stat. 964.)