# POLICE OFFICER'S INCIDENT REPORT

_____ of _____ **WESTFIELD** Police Department

**EXHIBIT NO. 3**

## INCIDENT

- **Date and Time of Report:** Mo. 11 Day 27 Yr. 92 Time ___
- **Offense/Incident:** 209A - ARREST
- **Incident Code:** 28
- **OCCURRENCE FROM:** Mo. 11 Day 27 Yr. 92 Time ___
- **TO:** Mo. 11 Day 27 Yr. 92 Time ___
- **REPORTED:** Mo. 11 Day 27 Yr. 92 Time ___
- **Location of Offense / Address:** 33 BROAD ST
- **Apt. No.:** 11
- **GEO Code:** 01
- **Premise:** LIVINGROOM
- **How incident was reported:** MRS MULLER
- **Means of attack/point of entry:** STOMACH
- **Weapon/method of entry:** KNIFE/PIPE
- **Report of Domestic Violence:** YES

## VICTIM

- **Victim (Last Name, First, M.I.):** MULLER, ANN
- **Sex:** F  **Race:** W  **Date of Birth:** 7-25-60  **Age:** 32  **Soc. Sec. No.:** 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
- **Victim Home Address:** 33 BROAD ST APT. 11 WESTFIELD
- **Home Phone:** 562-4966
- **Business Phone:** 562-6058 (MOTHERS)
- **Victim/suspect relationship:** WIFE

## OTHER WITNESS

WITNESS OTHER THAN VICTIM: I = INVOLVED PARTICIPANT  DC = DISCOVERED CRIME  RP = REPORTING PARTY  W = WITNESS

(blank)

## SUSPECT

- **Suspect No. 1 (Last Name, First, M.I.):** MULLER, DONALD
- **Sex:** M  **Race:** W  **Date of Birth:** 6-10-61  **Age:** 31  **Height:** 5'8"
- **Suspect No. 1 May be located at:** 33 BROAD ST. APT. 11 WEST(FIELD)

## VEHICLE / PROPERTY

(blank)

## NARRATIVE

SEE ATTACHED REPORT

---

I hereby certify that the contents of this report are true and correct to the best of my knowledge and belief.

- **Reporting Officer:** [signature]  Badge No. ___
- **Second Officer:** [signature]  Badge No. ___
- **CONTINUED:** ☐ No  ☐ Supplement
- **Assignment:** SE  **Car:** 4
- **CASE STATUS:** ☐ Active  ☐ Inactive  ☐ Unfounded  ☐ Cleared
- **Supervising Officer:** ___

18.

# APPLICATION for COMPLAINT

☒ ADULT  ☐ JUVENILE

NUMBER _____

☐ ARREST  ☐ HEARING  ☐ SUMMONS  ☐ WARRANT

**Trial Court of Massachusetts**
**District Court Department**

EXHIBIT NO. 4

COURT DIVISION: Westfield District Court, 25 Washington Street, Westfield, MA 01085

The within named complainant requests that a complaint issue against the within named defendant, charging said defendant with the offense(s) listed below.

| DATE OF APPLICATION | DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|---|
| 11/27/92 | 11/27/92 | Westfield |

**NAME OF COMPLAINANT:** Off. Jose Torres

**ADDRESS AND ZIP CODE OF COMPLAINANT:**
Westfield Police Dept.
15 Washington St.,
Wfld., Ma.

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
Donald Muller
33 Broad St. Apt. 11
Westfield, Ma.

| NO. | OFFENSE | G.L Ch. and Se |
|---|---|---|
| 1. | Assault with a Dangerous Weapon in Violation of 209A | 265 S15A |
| 2. | | |
| 3. | | |
| 4. | | |

**COURT USE ONLY:** A hearing upon this complaint application will be held at the above court address on

DATE OF HEARING _____  AT _____  TIME OF HEARING _____

## CASE PARTICULARS — BE SPECIFIC

| NO. | NAME OF VICTIM Owner of property, person assaulted, etc. | DESCRIPTION OF PROPERTY Goods stolen, what destroyed, etc. | VALUE OR PROPERTY Over or under $250. | TYPE OF CONTROLLED SUBSTANCE OR WEAPON Marijuana, gun, etc. |
|---|---|---|---|---|
| 1 | Ann Muller | | | |
| 2 | 33 Broad St. Apt. 11 Westfield, Ma. | | | |
| 3 | (wife of defendant) | | | |
| 4 | | | | |

**OTHER REMARKS:** Victim reported that her husband came home drunk and when he is drunk becomes aggresive and paranoid. She felt threatened by him and when she called the station he ripped the phone off the wall and smashed it to the floor. He grabbed a knife and pipe and refused to let her open the door when the police arrived. She stated she was afraid of what he was going to do with the knife. When the police forced our way in Mr. Muller stabbed himself with the knife he was holding.

SIGNATURE OF COMPLAINANT: x _Jose Torres_

## DEFENDANT IDENTIFICATION INFORMATION — Complete data below if known.

| DATE OF BIRTH | PLACE OF BIRTH | SOCIAL SECURITY NUMBER | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| 06/10/61 | Holyoke, Ma. | 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 | M | W | 5'8" | 160 | Bro. | Bro. |

| OCCUPATION | EMPLOYER/SCHOOL | MOTHER'S NAME (MAIDEN) | FATHER'S NAME |
|---|---|---|---|
| Unemployed | --------- | Ceal Chartrum | John Muller |

DATE _____

## ▼ COURT USE ONLY ▼

**DISPOSITION**

NO PROCESS TO ISSUE
☐ At request of complainant
☐ Complainant failed to prosecute
☐ Insufficient evidence having been presented

PROCESS TO ISSUE
☐ Sufficient evidence presented
☐ Defendant failed to appear

TYPE OF PROCESS
☐ Warrant
☐ Summons returnable _____

☐ Continued to _____

AUTHORIZED BY _____

COMMENTS _____

C-CR2 (3/88)

19.

COURT COPY

EXHIBIT 4A

§ 15A     CRIMES AGAINST THE PERSON     C. 265

**§ 15A. Assault and Battery with Dangerous Weapon.**

(a) Whoever commits assault and battery upon a person sixty-five years or older by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

Whoever, after having been convicted of the crime of assault and battery upon a person sixty-five years or older, by means of a dangerous weapon, commits a second or subsequent such crime, shall be punished by imprisonment for not less than two years. Said sentence shall not be reduced until two years of said sentence have been served nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served two years of such sentence; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relating to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection.

(b) Whoever commits assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

181

C. 265     ANNOTATED LAWS OF MASSACHUSETTS     § 15A

History—
1927, 187, § 1; 1981, 678, § 1.

20.

EXHIBIT 4B

§ 15B     CRIMES AGAINST THE PERSON     C. 265

§ 15B. Assault by Means of a Dangerous Weapon.

(a) Whoever, by means of a dangerous weapon, commits an assault upon a person sixty-five years or older, shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

Whoever, after having been convicted of the crime of assault upon a person sixty-five years or older, by means of a dangerous weapon, commits a second or subsequent such crime, shall be punished by imprisonment for not less than two years. Said sentence shall not be reduced until one year of said sentence has been served nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served one year of such sentence; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relative to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection.

For the purposes of prosecution, a conviction obtained under subsection (a) of section fifteen A or paragraph (a) of section 18 shall count as a prior criminal conviction for the purpose of prosecution and sentencing as a second or subsequent conviction.

(b) Whoever, by means of a dangerous weapon, commits an assault upon another shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

History—
1955, 112; 1981, 678, § 2.

## COUNT FOUR CAUSE OF ACTION

22. Plaintiff was detained in custody at the Westfield Police Station while defendants (WESTFIELD POLICE OFFICERS) [u]sed their [p]ersonal and [o]fficial capacities to preform acts which contributed to the furtherance of the on-going conspiracy to violate Plaintiff's federal constitutional rights, by:

(1) PREPARING an "ARREST/CUSTODY REPORT" dated 11/27/92, stating FALSE STATEMENTS "treated for self-inflicted knife wounds" "OFFENSES ASSAULT W/DANG. WEAPON IN VIOLATION 209A"; MGL,c.265,§15B SGT. BEEDE,Lt.MILLER" "$500.00 bail" [EXHIBIT NO.2. )

(2) "POLICE OFFICER'S INCIDENT REPORT" 11/27/92 209-A ARREST (stating FALSE REPORTS: "VICTIM WIFE" "WEAPON-KNIFE/PIPE" "DOMESTIC VIOLENCE - YES" "REPORTING OFFICER,JOSE TORRES". [EXHIBIT NO.3.)

(3) "WESTFIELD DISTRICT COURT- APPLICATION FOR COMPLAINT' 11/27/92, "OFFENSE,ASSAULT WITH A DANGEROUS WEAPON IN VIOLATION OF 209A- MGL,c.265,§15A" "NAME OF VICTIM - ANN MULLER" "OTHER REMARKS:" (FALSE STATEMENTS):"WHEN THE POLICE FORCED OUR WAY IN MR. MULLER STABBED HIMSELF WITH THE KNIFE HE WAS HOLDING", AND OTHER FALSE STATEMENTS. [EXHIBIT NO.4. )

(4) "SUMMONS AND COMPLAINT Docket No.9244 CR 1978" "OFFENSE CODE 620; COUNT OFFENSE(a) ASSAULT BY

22.

DANGEROUS WEAPON C265 §15B(C.209a)

"DID, BY MEANS OF A DANGEROUS WEAPON, KNIFE, ASSAULT ANN MULLER, IN VIOLATION OF GENERAL LAW, CHAPTER 265, §15B."

23. Plaintiff claims that the DISTRICT COURT CRIMINAL COMPLAINT AND ACCOMPANYING DOCUMENT <u>failed</u> to meet the LEGISLATIVE STANDARDS OF <u>AUTHENTICATION</u>, and were VOID ON THEIR FACES: See: MASS.GEN.LAW, Chapter 218, §4, §44.

[<u>EXHIBT NO.5.</u> and <u>EXHIBIT NO.6</u>).

24. The DISTRICT COURT had Plaintiff appear in court on TUESDAY, DECEMBER 1, 1992 at 8:30 A.M. and while being held under arraignment he was told that he was being committed to SOUTHEASTERN CORRECTIONAL CENTER/ADDICTION CENTER PROGRAM UNIT for 30 DAYS.

   (1) STAFF-MEMBER (name un-readable) wrote in the SECC/ACPU records depicting Plaintiff as "IT", rather than a HUMAN BEING/PERSON!  [ <u>EXHIBIT J.</u>]

   (2) Plaintiff was DISCHARGED on 12/29/92 and TRANSPORTED TO HAMPDEN COUNTY JAIL at LUDLOW, MASS. where he was held in custody for approximately 8 days, and released on BAIL.

<u>COUNT FIVE</u>
<u>CAUSE OF ACTION</u>

25. On MAY 21, 1993 Plaintiff appeared at the HOLYOKE DISTRICT COURT where HE WAS PROSECUTED on (FALSE) charges of "ASSAULT BY A DANGEROUS WEAPON Chap.265 §15B (Chap.209A)," whereupon he was FOUND NOT GUILTY, BY A JURY OF HIS PEERS.

PP

23.

| SUMMONS AND COMPLAINT | DOCKET NUMBER CR1978 | | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| COURT DIVISION: Westfield | NAME, ADDRESS AND ZIP CODE OF DEFENDANT: Donald P. Muller, 33 Broad St. #11, Westfield, MA  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 | EXHIBIT NO. 5 | TO THE DEFENDANT HEREIN: The within named and undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below. You are ordered to appear in this court on the return date and at the time noted herein to answer to a criminal complaint charging you with the offense(s) listed below. Please report to the probation office upon your arrival at the court. The court address is noted at the bottom of this form. |
| DEF. DOB AND SEX: 6/10/61 (M) | OFFENSE CODE(S): 620 | | |
| DATE OF OFFENSE: 11/27/92 | PLACE OF OFFENSE: Broad St., WEstfield | | |
| COMPLAINANT: Kenneth Kent | POLICE DEPARTMENT (if applicable): Westfield | | |
| DATE OF COMPLAINT: 11/30/92 | RETURN DATE AND TIME: Tues. Dec. 1, 1992 at 8:30 a.m. | | DATE AND TIME YOU MUST APPEAR IN COURT |

COUNT-OFFENSE

a. ASSAULT BY DANGEROUS WEAPON C265 S15B (C.209a)

did, by means of a dangerous weapon, knife, assault Ann Muller, in violation of G.L. c.265, s.15B.

COUNT-OFFENSE

COUNT-OFFENSE

COUNT-OFFENSE

24.

COMPLAINANT: Kenneth Kent

SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK: x [signature]

ON (DATE): 11/30/92

FIRST JUSTICE / WITNESS: Philip A. Contant

COURT ADDRESS: 25 Washington Street, Westfield, MA 01085

ADDITIONAL COUNTS ATTACHED ☐

ATENCIÓN: ESTA ES UNA NOTIFICACIÓN OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA TRADUCCIÓN.

◀ YOUR TRIAL WILL BE HELD AT THIS COURT ADDRESS



EXHIBIT NO. 6

C. 218      ANNOTATED LAWS OF MASSACHUSETTS      § 3

### § 4. Courts of Record and Superior Jurisdiction; Seal.

District courts shall be courts of record. They shall be courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction, and no order, decree, judgment, sentence, warrant, writ or process made, issued or pronounced by them need set out any adjudication or circumstances with greater particularity than would be required in other courts of superior and general jurisdiction, and the like presumption shall be made in favor of proceedings of such courts as would be made in favor of proceedings of other courts of superior and general jurisdiction. <u>Each district court shall have a seal, which shall be in the custody of its clerk, and shall be affixed to all processes issued by such court requiring a seal.</u> (1853, 179, § 3; 1855, 270, § 5; GS 116, § 26; PS 154, § 30; 1893, 396, § 58; 1894, 431; RL 160, § 6; 1909, 219, § 1; 1911, 473, § 1; 1916, 174, § 2.)

### § 44. Process, Formal Requisites; To Run Throughout Commonwealth.

Processes issuing from district courts shall be under the seal of the court, signed by the clerk or an assistant clerk or temporary clerk or temporary assistant clerk, and shall bear teste of the justice, or, in the Boston municipal court department, the administrative justice, unless he is a party or unless his office is vacant, and in such cases they shall bear teste of the special justice who holds the senior commission or the senior associate justice. The process, civil or criminal, of a district court shall run throughout the commonwealth for service in any case or proceeding within its jurisdiction. (1822, 12; RS 85, § 17; 87, § 12; 1855, 270, § 5; 428, § 7; 1857, 264, § 8; GS 116, § 26; 120, § 4; PS 154, § 30; 155, § 15; 1888, 415; 1893, 396, §§ 15, 64; 1894, 431; RL 160, §§ 22, 46; 1912, 649, § 1; 1916, 174, § 1; 1978, 478, § 201.)

Editorial Note—

The 1978 amendment, as part of the program to consolidate the several courts of trial jurisdiction, substituted the term "administrative" justice for "chief" justice, referring to the Boston Municipal Court.

25.

SOUTHEASTERN CORRECTIONAL CENTER/ADDICTION CENTER PROGRAM UNIT
DISCHARGE SUMMARY

**EXHIBIT J**

Name: Donald Muller

Number: _no/???_   D.O.B.: 6/10/61

Commitment Date: 12/1/92

Committed From: Westfield

Discharge Date: 12/22/92

_____ District Court

I. Adjustment/Program Summary

   A. Program Evaluation: _He has completed our program._

   B. Overall Adjustment: _He has adjusted well. He hasn't had any problems._

II. Discharge Plan

   A. Placement Arranged At: _He has not asked for placement_
       (Name of Facility)

   (Contact Person)   (Address)

   (Additional Comments)

   B. Address Upon Release: _33 Broad St. Apt 11, Westfield_

   C. Transportation Arrangements: _sheriff office_

III. After-Care Recommendations:

_I would recommend that Donald go to AA meetings and seek admission to individual or group therapy. If he follows these recommendations his prognosis is good._

Client: Donald Muller

S/A Therapist: _Henry Monk_   Date: 12-22-92

C.F.R. Director: _____   Date: 12/22/92

C/C Unit Manager: _____   Date: _____

PRO\DSCH-SUM
FS\sjc

26. After the trial, Plaintiffs wife (then: ANN MULLER) did approach him, outside of the courtroom, and stated to him: "I was forced to testify against you." She was referring to the testimony she gave during trial, saying that I had waived the knife in front of her. She was crying, and said that she was sorry.

<u>COUNT SIX CAUSE OF ACTION</u>

27. Plaintiff claims that defendants TORRES, O'BRIEN, COACH, McCABE and SAMATARO had inflicted CRUEL AND UNUSUAL PUNISHMENT UPON HIM, with DELIBERATE INDIFFERENCE, causing Plaintiff to suffer SEVERE PAIN AND MENTAL ANQUISH, from being denied prompt and proper medical care and treatment to the injuries resulting from the POLICE INTENTIONALLY CAUSING THE STAB WOUND IN PLAINTIFF'S ABDOMEN; POLICE INTENTIONALLY ASSAULTING PLAINTIFF WITH CHEMICAL MACE, INFLICTING FIRST DEGREE BURNS TO PLAINTIFF'S FACE AND UPPER BODY; CAUSING PLAINTIFF TO SUFFER THE ONGOING AGONIES OF MENTAL SHOCK, NIGHTMARES AND FLASH-BACKS, PSYCHOLOGICAL INJURIES, PUBLIC HUMILIATION AND EMBARRASSMENT AND LOSS OF SLEEP.

28. Defendants acted intentionally to maim and assault Plaintiff, putting him in grave fear of his life, Defendants shown and demonstrated a gross abuse of OFFICIAL POWERS, causing Plaintiff to suffer irretrievable psychological damages.

27.

## COUNT SEVEN CAUSE OF ACTION

29. PLAINTIFF claims, as was shown in the HOLYOKE DISTRICT COURT, as to the chain of events on NOVEMBER 27, 1992, before JUDGE AND JURY, THE TRUE FACTS OF THE MATTER WERE THAT THE WESTFIELD POLICE DEFENDANTS, ON THE SCENE OF THIS DISTURBANCE CALL, CAUSED PLAINTIFF TO BE INJURED. [EXHIBIT NO. 7.]

30. ANN MULLER never stated at anytime, including her statement "OF MY OWN FREE WILL", at the police station, that Plaintiff HAD assaulted her nor was the phone smashed. Other MIS-INFORMATION given to the defendants (Westfield Police Officers,) by Plaintiff's wife, stating "HE TOOK THE PHONE AWAY FROM ME AND SMASHED IT ON THE GROUND."

31. Plaintiff claims that this phone had NOT BEEN SMASHED ON THE GROUND, at time of trial, the true fact was, that after ANN MULLER had called "911" PLaintiff asked for and received the phone, this to tell "911" that "THERE WAS NO NEED TO SEND ANYBODY, WE WERE JUST HAVING A MINOR ARGUMENT." The dispatcher defendants WESTFIELD POLICE OFFICER, defendant SAMATARO, stated "THAT MULLER HAD CALLED THE STATION AND LEFT THE PHONE OFF THE HOOK, AND THEY WERE ABLE TO HEAR WHAT MULLER WAS SAYING IN THE APARTMENT." See, hereinabove, [EXHIBITS K and EXHIBIT A.]

32. Plaintiff claims that the defendants WESTFIELD POLICE STATION, and defendant police officers, named hereinabove, did perform acts in the furtherance of the conspiracy, to commit acts of SUBORDINATION OF PERJURY by using Plaintiff's wife to testify prevarications, in an effort to procure a guilty-verdict against Plaintiff, in blatant violation of his Federal Constitutional rights. Defendants scam FAILED; the jury acquitted him.

28.

**COURT DIVISION:** Westfield

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
Donald P. Muller
33 Broad St. #11
Westfield, MA

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

**DEF. DOB AND SEX:** 6/10/61 (M)
**OFFENSE CODE(S):** 620
**DATE OF OFFENSE:** 11/27/92
**PLACE OF OFFENSE:** Broad St., WEstfield
**COMPLAINANT:** Kenneth Kent
**POLICE DEPARTMENT:** Westfield
**DATE OF COMPLAINT:** 11/30/92
**RETURN DATE AND TIME:** Tues. Dec. 1, 1992 at 8:30 a.m.

☐ Waived
☒ Assigned  Gintoet
**TERMS OF RELEASE:** $500.00
**DATE:** DEC 1 1992
**PROCEEDING:** ☒ Arraigned before J. Turcot
— Advised of right to counsel
— Advised of right to drug exam
— Advised of right to bail review
☐ Advised of right to F.I. Jury Trial  5-21-9
— Waives     — Requests F.I. Jury Trial
☐ Advised of alien rights
☐ Warrant issued   — Default warrant issued
☐ Default removed    — Warrant recalled
☐ Warrant issued   — Default warrant issued
☐ Default removed    — Warrant recalled

EXHIBIT NO. 7

**COUNT-OFFENSE:** a. ASSAULT BY DANGEROUS WEAPON C265 S15B (C.209a)

**DATE:** DEC 2 1992
**PLEA:** ✓ Not Guilty  ☐ Guilty  ☐ Nolo
☐ New Plea:  ☐ Admits suff. facts
**FINDING** after jury trial: NG not guilty  **JUDGE:** McDonough

5-21-93

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.   ☐ Appeal of disp.

**FINAL DISPOSITION:**
☐ Discharged from probation
☐ Dismissed at request of probation

A true copy, Attest: [signature]

**CONT TO / PURPOSE:**
12-25-92 Calendar
1-6-93 crim
1-21-93 9:00 am
5-21-93 jury trial
1-26-93 ctrl 9:00

29.

**EXHIBIT K**

WESTFIELD POLICE DEPARTMENT
15 WASHINGTON STREET
WESTFIELD, MA. 01085

I ANN MULLER I'AM AT THE WESTFIELD POLICE DEPARTMENT GIVING OFFICER TORRES A STATEMENT OF MY OWN FREE WILL. ON 11/27/92 I CAME HOME FROM A MEETING AND FOUND DON HOME PLAYING HIS ELECTRIC GUITAR AND DRINKING BEER. HE LEFT ABOUT 4 P.M. TO HELP IS BROTHER MOVE. I TOLD HIM IF HE WAS GOING TO DRINK NOT TO COME HOME BECAUSE WHEN HE DRINKS HE GETS PARANOID AND BECOMES AGGRESIVE AND I GET SCARED BECAUSE HE THREATENS TO KILL HIMSELF TONIGHT WHEN I TOLD HIM NOT TO DRINK AROUND ME. HE SAID HE HAD THE RIGHT TO DRINK AND STARTED GETTING OBNOXIOUS I WENT TO PUT THE T.V. ON AND HE UNPLUGGED IT. I DECIDED TO CALLED THE POLICE BECAUSE HE WAS GETTING ME UPSET AND WHEN I DID HE TOOK THE PHONE AWAY FROM ME AND SMASHED IT ON THE GROUND. WHEN THE POLICE CAME HE WOULDN'T OPEN THE DOOR. HE HAD A PIPE IN ONE HAND AND A KNIFE IN THE OTHER. THE POLICE ASKED ME TO OPEN THE DOOR AND I TELL I COULD'NT BECAUSE HE HAD A PIPE AND A KNIFE. I DIDN'T KNOW WHAT HE WAS GOING TO DO WITH THE KNIFE AND I WAS AFRAID TO GO TO THE DOOR. THE POLICE TOLD HIM IF HE DIDN'T OPEN THE DOOR THEY WOULD BREAK IT DOWN. DONALD TOLD THE POLICE THAT IF THEY CAME IN HE WAS GOING TO HURT HIMSELF AND HELD THE KNIFE BY THE HANDLE WITH THE BLADE TOWARDS HIM. ONCE THE POLICE BROKE THE DOOR DOWN, I SAW THE KNIFE GO TOWARD HIS STOMACH AND THEN HE RAN TOWARDS THE KITCHEN AND DROPPED IT ON THE FLOOR AND THE POLICE HELD HIM DOWN. I PICKED UP THE PHONE AND THE POLICE WAS STILL THERE. I ASKED FOR AN AMBULANCE AND THEY TOLD ME WAS ON IT'S WAY. THEN I HANDED THE PHONE TO THE POLICE OFFICER.

*Ann Muller*   11/27/92

30.

Defendants, [all named] hereinabove did knowingly and intentionally committed violations of Plaintiff's ESTABLISHED federal constitutional rights, privileges and immunities, and Federal and State STATUTORY LAW(S) and FEDERAL SUPREME COURT; COURTS OF APPEALS and prior U.S. DISTRICT COURT decisions relevant to each claim and CAUSES OF ACTIONS, complained of within this CIVIL RIGHTS COMPLAINT, proving the prima facie violation of Plaintiff's federal Constitutional rights.

### PLAINTIFF'S PRAYER AND DEMANDS FOR RELIEF

Wherefore, the Plaintiff, DONALD P. MULLER, pro se do hereby respectfully request and demands, that this Honorable Court, grant him, the following relief;

1. Issue declaratory and injunctive relief on all claims and issues Plaintiff has presented here in above in this federal civil complaint.

2. That this Court AWARD, in monetary amounts, of THREE MILLION DOLLARS ($3,000,000.00) in compensatory damages to be paid by the defendants, to the Plaintiff.

3. That this Court AWARD in monetary amounts of ONE MILLION FIVE HUDRED THOUSAND DOLLARS ($1,500,000.00) in punitive damages to be paid by the defendants, to the plaintiff.

31.

4. That this Court Grant the Plaintiff a jury trial on all claims and issue triable, which are guaranteed by Plaintiff's SEVENTH AMENDMENT U.S. CONSTITUTIONAL rights.

5. That this Court Grant the Plaintiff the rights and opportunity to AMEND this Civil Complaint with additional claims and causes of actions whenever such issues are revealed to him by the defendants, and/or others.

Date: 9-7-04

I, DONALD P. MULLER, do hereby state under the pains and penalty of perjury, that all facts stated hereinabove are true to the best of my knowledge and belief.

*Donald P. Muller*

DONALD P. MULLER pro se
769 WORTHINGTON STREET
SPRINGFIELD MASS. 01105
(413) 732-3069 - shelter

32.