UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

DONALD P. MULLER, )
)
    Plaintiff, )
)
vs. ) C. A. No. 3:04-CV-30185-KPN
)
POLICE OFFICER JOSE TORRES, )
et al., )
)
    Defendants. )
)

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND 10 OR, IN THE
ALTERNATIVE, TO STRIKE PORTIONS OF THE COMPLAINT

I.
INTRODUCTION

It appears that Donald P. Muller seeks to pursue a civil action against the Defendants pursuant to 42 U.S.C. sec. 1983 based upon events that transpired the night of November 27, 1992. It is not clear from his Complaint that he has provided to the Court a pleading which is minimally sufficient to do so. Indeed, until such time as Plaintiff has submitted a rewritten Complaint that conforms to the rules of pleading, both the Defendants and the Court are forced to speculate as to what portions of the Complaint are appropriate for a responsive pleading, what items are outside the scope of the Complaint and, indeed, who the Plaintiff identifies are parties defendant. The Complaint is, variously, argumentative, redundant, replete with immaterial and impertinent matters, and includes photocopies of statutes, unauthenticated evidentiary documents and

diagrams, all of which constitute a burden that the modern rules of pleading do not contemplate placing upon any defendant who is attempting to understand and respond to what appear to be serious allegations.

## II.
## LEGAL BASIS TO SCRUTINIZE THE COMPLAINT

> A pleading which sets forth a claim for relief ... shall contain (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 8 (a) (2).

> Each averment of a pleading shall be simple, concise and direct.

Fed. R. Civ. P. 8 (e) (2).

> All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances ... Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ....

Fed. R. Civ. P. 10 (b).

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party ..., the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12 (f).

## III.
## ARGUMENT

The document which purports to be the Complaint is 48 pages in length. Exhibit "A" attached hereto, "Complaint", with added numbering on certain pages in lower left hand corner as explained, infra. Included within the body of the Complaint, interspersed

among the pages which contain hand printed or typed, usually numbered paragraphs, are 35 pages of documents that are, apparently, exhibits to the Complaint although it is conceivable that Plaintiff intends some of the interspersed documents to be considered as averments of the Complaint to which a response is expected. There does not appear to be a fully logical system of identification of the 35 pages of these exhibits. Defendant has attempted to identify them, for the purposes of discussing them, by simply numbering each document as "1 of 35, 2 of 35," etc in the lower left hand corner. A descriptive table is attached as Exhibit "B".

Pages 1, 2 and 3 appear to be documents that were part of a court file in a United States District Court case known as <u>Donald P. Muller</u> v. <u>Commonwealth of Massachusetts and Westfield Police Department,</u> District of Massachusetts Civil Action No. 97-10547-WGY.[1] Page 1 is headed as "Answer" but is clearly not an Answer in the sense of an Answer under the Federal Rules of Civil Procedure. The document may be material to the present case as it may serve as the basis for a res adjudicata or collateral estoppel defense by the Defendants. Nonetheless, it is not material to the Complaint and does not appear to serve any purpose that is not already served by the hand printed or typed numbered averments which constitute the 12 pages of the Complaint that are not the cover page or the 35 pages of interspersed exhibits. It is simply not possible for the Defendants to discern from pages 1, 2 and 3 what the Plaintiff (or the Court) would expect the Defendants to do in response to these pages, if anything.

---

[1] References herein to page number are to the pages of the exhibits as identified in Exhibit "B". References to those pages of the Complaint which have numbered pages shall be to those numbers in the middle of the bottom of each such page and shall be identified with use of a "C" as in C-1 or C-5 for Complaint numbered page 1 or Complaint numbered page 5, respectively, etc.

Pages 4, 11, 12, 13, 14, 29, 30 and 39 are photocopies of various federal and Massachusetts state statutes. It does not appear to Defendants that each is intended to serve the same purpose but what the various purposes are is a mystery. Defendants should not be forced to speculate. It appears all are unnecessary to a proper Complaint and most are not material to the wrong of which Plaintiff complains.

Pages 5, 6, 7, 8 and 9 appear to be complaints filed by the Plaintiff with the Westfield Police Department on departmental forms against Defendant police officers. The forms are dated August 10, 2004, 12 years after the events of which he complains. Nowhere in the averments does Plaintiff reference these forms or explain what, if anything, he did with them other than to attach them to his Complaint. Defendants speculate (something that they should not have to do) that Plaintiff perceives a need to show that he sought relief under available administrative remedies prior to filing the civil action. If that was the reason, it is unnecessary under the exhaustion doctrine as specified in Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982). Inclusion of these items in the Complaint causes confusion and is simply redundant.

Page 10 is a statement of jurisdiction unconnected to the numbered paragraphs. While a statement of jurisdiction, properly pleaded, is essential to a civil action filed in federal court, this statement appears as is if were an exhibit, leaving Defendants to wonder if a response is required or appropriate.

Pages 17, 18, 19, 20, 21 and 22 appear to be diagrams which detail a version of the events at the Muller apartment on the night of November 27, 1992. It may be these were used in a legal proceeding concerning the events in question. Nonetheless, they are not proper in a Complaint and are redundant to the averments set forth in the numbered

paragraphs. "The evidentiary material supporting these general statements [averments of the Complaint] normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process." 5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure Civ.3d</u> sec. 1281 (West 2004) [brackets added].

All of the remaining pages identified in Exhibit "B" appear to suffer from this same problem. They appear to be evidentiary in nature. They are unauthenticated. They are hearsay or include hearsay. Many appear to have been altered from the original by unexplained highlighting and marking. Many conflict, in part, with the numbered paragraphs that appear to constitute the averments. Thus, they constitute "straw men" that the Plaintiff wishes to knock down and which Defendants are at a loss as to whether to acknowledge or ignore. To the extent that they comport with the numbered paragraphs that constitute the averments, they are simply redundant.

The 12 pages of variously hand printed or typed numbered paragraphs ("averments") that weave their way through the more numerous pages of exhibits contain a number of objectionable items. The first page of the Complaint on which averments appear is 12 pages into the Complaint, on an unnumbered page. This page purports to identify the "Parties". Numbered paragraph 1 identifies the Plaintiff. After stating the postal zip code of Plaintiff's residence, the remaining wording of Paragraph 1 is argumentative, conclusory and simply unnecessary for an identification of a party.

Numbered paragraph 2 on that same page purports to identify, in one paragraph, at least five of the defendants (it does not appear Defendant "Westfield Police Department" is identified as a party at all). It names only one Defendant by more than just a last name. It refers to "all other defendants" but if such defendants exist (and two

more are identified later in the Complaint) they are not identified in this "Parties" portion of the document.

The page on which Plaintiff states his "Count One Cause of Action" is at page C1 (see footnote 1, supra.). Unfortunately, the very first paragraph is unnumbered, leaving Defendants in a quandary as to how to identify that paragraph and their response to it in a responsive pleading. Equally troubling is that Plaintiff has assigned his first numbered paragraph on page C1 the number 1, which was already used in the "Parties" portion of the pleading.

Reviewing the document as a whole, Plaintiff appears to have inserted the term "Count", at will, with no apparent intent to base each claim founded on a separate transaction or occurrence as a separate "count" as specified in Fed. R. Civ. P. 10 (b). Indeed, it appears the terms "Count" and "Cause of Action" are superfluous in this document, meaning nothing at all.

The averments of numbered paragraph 7 (page C2) are redundant and conclusory in nature. The averments of numbered paragraphs 8 and 9 are argumentative. The averments of numbered paragraph 11 are not in a form which calls for a response, are redundant and argumentative. The averments of numbered paragraph 12 (page C5) are redundant while portions of numbered paragraph 13 ("after completing a drug bust") are immaterial and impertinent.

Numbered paragraphs 15, 16 (page C6) and 17 constitute a subjective stream of consciousness rendering of the events of the night in question which largely fail to identify the defendant whose conduct Plaintiff seeks to describe, referring to "an officer" who did this or "one officer stated" that. Although most of this material is unnecessary to

state a claim, once stated, it must be stated with sufficient particularity to allow each Defendant to separately identify his own actions or conduct in order to prepare a responsive pleading.

Numbered paragraph 20 (page C13) is argumentative, redundant and simply not material or pertinent to the claims Plaintiff seeks to state. Numbered paragraph 21 refers to two "defendants" to-wit: Noble Hospital and James D. Anderson, M.D. who, from all that appears elsewhere, are NOT defendants in this civil action at all! Paragraph 21 is argumentative, confusing, immaterial and impertinent.

Numbered paragraph 23 (page C23) has nothing to do with this civil action – it is immaterial and impertinent. Subparagraph 1 of numbered paragraph 24 is argumentative and neither material nor pertinent. By inserting the word "False" in numbered paragraph 25, Plaintiff has added an unnecessarily argumentative element to what would otherwise be an acceptable averment.

Paragraph 29 (page C29) is argumentative and redundant as are paragraphs 30 and 31, the last two also being both confusing and, to the extent that they are directed to misconduct of an individual not a defendant, impertinent.

Numbered paragraph 32 references as a defendant the "Westfield Police Station", which has not formerly been identified as a defendant leaving counsel to speculate that, perhaps, Plaintiff intended to name the "Westfield Police Department?"

The First Circuit recognizes that a district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including the "short and plain statement" requirement of Fed. R. Civ. P. 8 (a) (2). Kuehl v. Federal Deposit Insurance Corporation, 8 F.3d 905, 908 (1st Cir. 1993), cert. denied

511 U.S. 1034 (1994), citing Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991). In Kuehl, the First Circuit cited Newman v. Commonwealth of Massachusetts, 115 F.R.D. 341 (D. Mass. 1987) with approval. In Newman, the plaintiff leveled her amended complaint, a complaint with a body of more than 21 pages of averments and 14 documentary exhibits, at the defendants. The defendants responded with a motion to dismiss or in the alternative, a motion to strike the full complaint for failure to comply with Rule 8. The Court described Newman's complaint as "argumentative, prolix, and verbose, although not redundant, and has numerous attached exhibits" with references to the actions of individuals not identified as defendants in the complaint. The Court ordered the complaint dismissed, noting as part of its reasoning:

> "Pragmatic matters", such as the time and expense for these defendants and this Court to decipher this overly detailed complaint and the even more detailed answer it would necessitate, as well as the authority of the First Circuit Court of Appeals in McCoy[2] indicate that this Amended Complaint should be dismissed.

Id. at 344.

## IV.
## CONCLUSION

For the forgoing reasons, Defendants motion is due to be allowed and the Plaintiff's Complaint dismissed. In the alternative, Defendants pray this Court enter an Order to strike from the Complaint all 35 pages of exhibits and, with respect to the averments, numbered paragraphs 1 and 2 on the unnumbered page under "Parties", and the following: the unnumbered paragraph on page C1 and, thereafter, numbered paragraphs 7, 8, 9, 11, 12, 13, 15, 16, 17, 20, 21, 23 subparagraph 1 of 24, the word

---

[2] McCoy v. Providence Journal Co., 190 F.2d 760 (1st Cir), cert denied, 342 U.S. 894 (1951)

"False" in number 25, 29, 30, 31 and the phrase "the defendants Westfield Police Station, and" in 32.

In the event that the motion to dismiss is denied but the motion to strike is allowed, Defendants request no less than ten (10) days from their receipt of notice thereof to further respond to Plaintiff's Complaint, either by way of responsive pleading or motion under Fed. R. Civ. P. 12 (b).

WESTFIELD POLICE DEPARTMENT,
POLICE OFFICERS JOSE TORRES,
O'BRIEN, COACH and McCABE

BY THEIR ATTORNEY

_____
Peter H. Martin
BBO No. 552020
Assistant City Solicitor
59 Court Street
Westfield, MA 01085
413/572-6260

### CERTIFICATE OF SERVICE

I, Peter H. Martin, do hereby certify that a true copy of the foregoing document was served upon the Plaintiff by U.S. Mail, first class, postage prepaid, addressed to Donald P. Muller, 769 Worthington Street, Springfield, MA 01105 on this the 6th day of December, 2004.

_____
Peter H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Springfield

DONALD P. MULLER,     ]
          PLAINTIFF,  ]
VS.                   ]   CIVIL ACTION
                      ]   NO. 04-30185-KPN
POLICE OFFICER JOSE TORRES ]
POLICE OFFICER O'BRIEN     ]
POLICE OFFICER COACH       ]
DET. POLICE OFFICER McCABE ]
POLICE OFFICER SAMATARO    ]   COMPLAINT;
OF THE WESTFIELD POLICE DEPARTMENT ]
          DEFENDANT'S ]   DECLARATORY AND
                      ]   INJUNCTIVE RELIEF;
                      ]
                      ]   TITLE 42 U.S.C.S.
                      ]   §§1983,1985(3) 1986;

1.

Exhibit "A"

INTRODUCTION CONTINUED

## COMMONWEALTH OF MASSACHUSETTS

DONALD P. MULLER
V.    **PLAINTIFF**

CIVIL ACTION NO.
97-10547-WGY

COMMONWEALTH OF MASSACHUSETTS AND
WESTFIELD POLICE DEPARTMENT
       **DEFENDANTS**

DOCKETED

May 6, 1997,

*Having reviewed the document submitted to show cause why this case ought not be dismissed, this Court rules it inadequate as it fails entirely to deal with the statute of limitations issue. Case dismissed.*
/s/ William G. Young
District Judge

## ANSWER

The primary basis of my complaint is as you will read (complaint ¶60.) Plaintiff has shown - Thru listing true facts as happened that Defendants acted intentionally to maim and assault Plaintiff, putting same in fear of his life, Plaintiff suffering irretrievable psychological damage. Defendants showed an abuse of official power, causing Plaintiff to suffer mental anguish, psychological injury, loss of sleep and fright and nightmares from this traumatic experience causing Plaintiff to be placed under mental care and medication. Also (complaint ¶29.) As was shown in court, as to the chain of events on 11-27-92 this before a Judge and jury, the true facts of the matter were that the Westfield Police on the scene of this disturbance call caused Plaintiff to be injured.

(8)

1

No. 1 of 35

### INTRODUCTION CONTINUED

Numbers ¶40., 41., 42., are presumed to be true in the absence of proof to the contrary. Although do to the Plaintiff being incarcerated since 11-16-93 and further being traumatized by prison officials, due to the nature of his crime, and not being able to secure any type of effective assistance of counsel, and due to the Plaintiff's mental disposition having a history of psychiatric illness, chronic alcoholism, depressive illness, antisocial personality disorder, and also panic attacks, that Plaintiff asks that any statutes of limitations that may interupt relief be waived due to the fact that these facts were not brought to this court in a frivolous or malicious way. Plaintiff moves to delete (complaint ¶59.) from action to avoid argument. Plaintiff also tryed to obtain the transcripts from the court which were done on cassette tapes and was informed that they were destroyed after 2½ years. (see enclosed copy). Plaintiff believes he has showed sufficient evidence for argument and prays for relief through this honorable court.

DATED: 4-27-97

Respectively submitted,

Donald P. Muller
PRO SE

2

No. 2 of 35



# Commonwealth of Massachusetts

**CLERK / MAGISTRATE**
CAROL K. CASARTELLO

**FIRST ASSISTANT CLERK / MAGISTRATE**
W. BRENT FERRITER

TEL. 568-8946
FAX 568-4863

DISTRICT COURT DEPARTMENT OF THE TRIAL COURT
WESTFIELD DIVISION
27 WASHINGTON STREET
WESTFIELD, MASSACHUSETTS 01085

PHILIP A. CONTANT, FIRST JUSTICE
PETER J. RUTHERFORD, ASSOCIATE JUSTICE

**PROBATION OFFICERS**
JOSEPH R. ABERDALE, CHIEF
STEVEN J. ROBERTS
PAULA A. BAGIAN
JANE M. PENDERGAST
LORNA S. BURT

TEL. 568-6451
FAX 562-0641

January 22, 1997

Donald P. Muller
N.C.C.I.
W-55426
P.O. Box 466
Gardner, MA  01440

Re: 9244CR-1978
Date of Trial  05/21/93

Dear Mr. Muller:

   Please be advised that tapes in criminal cases are destroyed after 2½ years of the trial date.

   Therefore we cannot comply with your request.

                                              Sincerely,

                                              W. Brent Ferriter, Clerk/Magistrate

No. 3 of 35

NCCI LAW LIBRARY

§ 12   LIMITATIONS OF ACTIONS   C. 260

2. What constitutes fraudulent concealment

Under Massachusetts law, mere silence can mount to fraudulent concealment of cause of action on part of person who, because of fiduciary position, has duty to disclose. Jamesbury Corp. v Worcester Valve Co. (1971, CA1 Mass) 443 F2d 205, 170 USPQ 177.

Fraud referred to in this section must be actually accomplished by positive acts, done with intention to deceive. Maloney v Brackett (1931) 275 Mass 479, 176 NE 604; Connelly v Bartlett (1934) 286 Mass 311, 190 NE 799.

§ 12.   Extension of Time in Case of Fraudulent Concealment.

If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

History—
RS 120, § 12; GS 155, § 12; PS 197, § 14; RL 202, § 11.

EXHIBIT 8

No. 4 of 35

NCCI LAW LIBRARY

## INTRODUCTION CONTINUED

### WESTFIELD POLICE DEPARTMENT
### CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER
**Address:** 769 WORTHINGTON ST, SPRINGFIELD MA. 01105
**Date of Birth:** 6-10-61
**Social Security Number:** 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
**Resident Phone:** 732-3069 SHELTER PHONE
**Business Phone:**

**Name(s) Against whom complaints are made:** JOSE TORRES
**Badge Number:** 25

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 officer Jose Torres & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G. 265 § 15. Officer Jose Torres also falsely charged me with assault against my wife, filed false reports (Application for Complaint, Arrest Custody Report, Police Officers Incident Report). Officer Torres & others also inveigled Noble Hospital staff to falsify emergency room records of admission. Westfield Officers tried to prosecute me on these false charges in Holyoke Court.

**Witness:** _____  **Address:** _____
**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller   **Witness signature:** _____   **DATE** 8-10-04
**Date:** _____
**Received by:** _____
**Date received:** _____
**File Number:** _____

No. 5 of 35

INTRODUCTION CONTINUED

## WESTFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER   **Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61   **Social Security Number:** 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   **Resident Phone:** 732-3069   **Business Phone:** SHELTER PHONE

**Name(s) Against whom complaints are made:** OFFICER O'BRIEN   **Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer O'Brien & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 §15.

Westfield Police Officers tried to prosecute me on false charges of assault against my wife in Holyoke Court.

**Witness:** _____ **Address:** _____

**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller   **Witness signature:** _____   **DATE** 8-10-04

**Date:** _____   **Received by:** _____   **Date received:** _____   **File Number:** _____

No. 6 of 35

## INTRODUCTION CONTINUED

### WESTFIELD POLICE DEPARTMENT
### CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER  
**Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61  
**Social Security Number:** 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  
**Resident Phone:** 732-3069 SHELTER PHONE  
**Business Phone:**

**Name(s) Against whom complaints are made:** DETECTIVE OFFICER McCABE  
**Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer McCabe & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 § 15.

Westfield Police Officers tried to prosecute me on false charges of assault against my wife in Holyoke Court.

**Witness:** _____ **Address:** _____  
**Social Security number:** _____ **Home Phone:** _____ **Work Phone:** _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller   **Witness signature:** _____ **DATE** 8-10-04  
**Date:** _____  
**Received by:** _____  
**Date received:** _____  
**File Number:** _____

No. 7 of 35

## INTRODUCTION CONTINUED

**WESTFIELD POLICE DEPARTMENT**
**CITIZEN COMPLAINT FORM**

Name of Complaining Person: DONALD MULLER
Address: 769 WORTHINGTON ST. SPRINGFIELD MA. 01105
Date of Birth: 6-10-61
Social Security Number: 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
Resident Phone: 732-3069 SHELTER PHONE
Business Phone:

Name(s) Against whom complaints are made: OFFICER COACH
Badge Number:

Discription of Officers:

### NATURE OF COMPLAINT

On November 27, 1992 Officer Coach & others broke down the door to my apartment knowing that I had a knife with the butt end against the door and sharp end against my chest in violation of M.G.L. 265 § 15.

Westfield Police officers tried to prosecute me on false charges against my wife.

Witness: _____ Address: _____
Social Security number: _____ Home Phone: _____ Work Phone: _____

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

Complainant signature: Donald Muller    Witness signature: _____    DATE 8-10-04
Date: _____
Received by: _____
Date received: _____
File Number: _____

No. 8 of 35

## INTRODUCTION CONTINUED

### WESTFIELD POLICE DEPARTMENT
### CITIZEN COMPLAINT FORM

**Name of Complaining Person:** DONALD MULLER  **Address:** 769 WORTHINGTON ST. SPRINGFIELD MA. 01105

**Date of Birth:** 6-10-61  **Social Security Number:** 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  **Resident Phone:** 732-3069 SHELTER PHONE  **Business Phone:**

**Name(s) Against whom complaints are made:** OFFICER SAMATARO  **Badge Number:**

**Discription of Officers:**

### NATURE OF COMPLAINT

On November 27, 1992 Officer Samataro was the dispatcher of this incident in a conspiracy of the violation of M.G.L. 265 § 15 against the complainant.
Officer Samataro was aware of the complainant with a knife with the butt end against the door and sharp end against his chest and chose to dispatch Officers McCabe and Coach to the apartment with a battering ram.

**Witness:** ___  **Address:** ___

**Social Security number:** ___  **Home Phone:** ___  **Work Phone:** ___

I, the complainant, and I, the witness, state that I am willing to testify at any hearing in regards to the above complaint(s). I have read the above complaint(s), and I find it/them to be accurate to the best of my knowledge.

**Complainant signature:** Donald Muller  **Witness signature:** ___  **DATE** 8-10-04

**Date:** ___  **Received by:** ___
**Date received:** ___
**File Number** ___

No. 9 of 35

JURISDICTION

Jurisdiction of this Honorable Court is invoked pursuant to Title 42 U.S.C.S., §1983, 1985(3). Title 28 U.S.C.S. §§1343, 1651, 2201, 2202.

1(a).