UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD P. MULLER,  )
          Plaintiff )
          )
          )
    v. ) Civil Action No. 04-30185-KPN
          )
          )
POLICE OFFICER JOSE TORRES, )
et al., )
          Defendants )

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS (Document No. 19)
June 23, 2005

NEIMAN, U.S.M.J.

The Westfield Police Department ("Westfield PD"), along with Police Officers Jose Torres ("Torres"), Edward O'Brien ("O'Brien"), Michael Coach ("Coach") and Michael McCabe ("McCabe") (together "Defendants"), have moved to dismiss Donald P. Muller ("Plaintiff")'s *pro se* complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] With the parties' consent, the matter has been assigned to this court pursuant to 28 U.S.C. § 636(c). For the reasons described below, the court will allow Defendants' motion.

I. STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) "if no well-pleaded set of facts supports recovery." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[1] Plaintiff also lists a "Paul Samataro" as an additional defendant, but that individual has not been served. (See Document Nos. 10 and 17.) The action, therefore, has been construed as targeting only Westfield PD and the four officers.

In accord with Rule 12(b)(6), a court must consider the salient facts alleged in the complaint and the reasonable inferences drawn therefrom in a light most favorable to the plaintiff. See Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992).

## II. BACKGROUND

Most of the following allegations come directly from Plaintiff's Amended Complaint.[2] To give a complete picture, however, the court has also considered public records and documents attached or sufficiently referred to in the Complaint. See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (noting that such documents may be considered on a Rule 12(b)(6) motion without converting it into motion for summary judgment).

On November 27, 1992, Torres, O'Brien, McCabe and Coach arrived at Plaintiff's apartment in response to a telephone call from Plaintiff's wife. (Complaint ¶¶ 1, 10.) After an unspecified verbal exchange, the officers broke "down the door . . . knowing that Plaintiff had a knife with the butt end up against the door and the sharp end against his chest." (Id. ¶ 1.) The officers' actions caused a four-centimeter wound in Plaintiff's abdomen. (Id. ¶ 3.) The officers then applied two cans of mace to Plaintiff's face, "causing first degree facial burn[s]." (Id. ¶¶ 4-5.) One of the officers also pushed "Plaintiff's head hard to the floor." (Id. ¶ 11.)

Although Plaintiff was later charged and tried for assaulting his wife, a Holyoke

---

[2] On December 27, 2004, the court struck Plaintiff's original complaint for failing to comply with Fed. R. Civ. P. 8(a) and ordered Plaintiff to file an amended complaint no later than January 14, 2005. Although Plaintiff's Amended Complaint (hereinafter "Complaint") was filed nearly one month late, on February 10, 2005, the court will not dismiss it on that basis. See Haines v. Kerner, 404 U.S. 519 (1972) (cautioning courts to accord pro se litigants some leniency).

jury found him not-guilty on May 21, 1993. (*Id.* ¶ 13; Document No. 20 (hereinafter "Defendants Brief"), Ex. B.) Torres and another officer, Plaintiff alleges, lied while testifying. (Complaint ¶ 13.)

On March 10, 1997, Plaintiff filed a civil lawsuit in federal court against the Commonwealth of Massachusetts and Westfield PD in which he made essentially the same allegations as in this case. (Defendants' Brief, Ex. B.) Before summonses were issued, however, District Judge William G. Young found Plaintiff's claims time-barred and dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915. (Defendants' Brief, Ex. E.) As with the earlier case, Plaintiff's present action claims "civil rights" violations ostensibly actionable pursuant to 42 U.S.C. § 1983.

## III. DISCUSSION

Like Judge Young in the previous action, this court finds the instant case to be time-barred. As Defendants point out, section 1983 claims based on personal injuries adopt the relevant state statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Under Massachusetts law, therefore, Plaintiff had three years from the date of his injuries to bring suit. *See* Mass. Gen. L. ch. 260, §§ 2A, 5B. The present action was filed nearly one decade late.

Plaintiff's arguments to the contrary can be dealt with in short order. First, Plaintiff contends that he did not know of an actionable injury until he first filed suit in 1997. *See Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003) (holding that section 1983 claims accrue when the plaintiff "knows or has reason to know of his injury"). That contention is frivolous on its face. Plaintiff obviously knew he was injured on November 27, 1992, when he was arrested, if not during the trial in 1993 when the officers

allegedly lied. Similarly misplaced is Plaintiff's off-hand suggestion that his causes of action were "fraudulently concealed from him" in violation of Mass. Gen. L. ch. 260, § 12. Plaintiff clearly knew enough facts to file the virtually identical action eight years ago in 1997. *Cf.* Fed. R. Civ. P. 9(b) (noting that allegations of fraud must be plead with particularity).

Plaintiff also asserts that his present claims do not involve personal injuries but, rather, the crimes of attempted murder, assault and battery, false prosecution, and perjury. (Plaintiff's Opposition ¶ 4.) Unfortunately for his cause, those assertions are unavailing as well. *See Feeley v. United States*, 16 F.3d 401, 1993 WL 557109, at *1 (1st Cir. 1993) (unpublished) (upholding dismissal of *pro se* civil complaint which sought to invoke criminal statutes) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Finally, even if the foregoing analysis falls short, which it does not, there appear additional grounds upon which to dismiss this suit: *e.g.*, the claims, having already been dismissed in 1997, are barred by the doctrine of collateral estoppel; Westfield PD, as the *department* of a municipality, has not properly been sued; and the officers, as individuals, are qualifiedly immune.

## IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss is ALLOWED.

IT IS SO ORDERED.

DATED: June 23, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

4